UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 23, 2021

LETTER TO COUNSEL

RE: *Gregory K. v. Saul*
DLB-19-2235

Dear Counsel:

Arjun K. Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of plaintiff before the Court. ECF 24. In response, the Commissioner asked the Court to consider whether Mr. Murahari's requested fee is reasonable. ECF 25. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

On November 10, 2020, this Court awarded Mr. Murahari $3,338.73 for 16 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 21-7; ECF 23. Plaintiff subsequently received a favorable decision, which resulted a past-due benefits award of $175,101.00. ECF 24. Mr. Murahari filed a line in which he seeks $43,775.25, or 25 percent of plaintiff's past due benefits. *Id.* Mr. Murahari has agreed to reimburse plaintiff for EAJA fees Mr. Murahari previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

An attorney who successfully represents a claimant before this Court may receive a reasonable fee not to exceed 25 percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b). A court must "independent[ly] check" each agreement to ensure the agreement yields a "reasonable" result. *Gisbrecht*, 535 U.S. at 807. A court reviewing for reasonability properly considers the "character of the representation and the results the representative achieved" and may require the attorney to provide a record of hours spent working on the case and his typical hourly rate. *Id.* at 808. A fee resulting in a "windfall" to the attorney is likely not reasonable. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)); *see also Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (interpreting *Gisbrecht* as establishing that "a reduction in the contingent fee may be appropriate when," *inter alia*, "past-due benefits 'are large in comparison to the amount of time counsel spent on the case'").

The Court may only award attorneys' fees under 42 U.S.C. § 406(b) for representation in court or for "court-related work." *Mudd*, 418 F.3d at 428. However, the court may consider, "as

*Gregory K. v. Saul*
DLB-19-2235
September 23, 2021
Page 2

one factor in its reasonableness determination, the time spent and work performed by counsel on the case when it was pending at the agency level." *Id.* Such consideration is appropriate insofar as it gives the court "a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.*

Here, Mr. Murahari and plaintiff entered into a contingent fee agreement, by which plaintiff agreed to pay Mr. Murahari 25 percent of all retroactive benefits to which he might become entitled. ECF 21-3. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted an itemized report documenting 16 chargeable hours he worked on plaintiff's case in this court. *See* ECF 21-7. If Mr. Murahari receives the full amount of fees he requests, his fee for representation will effectively be $2,735.95 per hour. Mr. Murahari must therefore show that an effective rate of $2,735.95 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Murahari's typical hourly billing rate is $350.00. ECF 21-6 ¶ 6. This is within the range of presumptively reasonable hourly rates commensurate with Mr. Murahari's experience pursuant to the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with an hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with an hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with an hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Murahari. *See, e.g.*, *Janette G. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-757 (D. Md. Feb. 5, 2020); *Arvie W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1148 (D. Md. Aug. 22, 2019); *Barbara F. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2090 (D. Md. July 25, 2019). However, hourly rates in excess of $1,000.00 are the exception, not the rule. Further, the fee Mr. Murahari requests is more than seven and a half times his typical hourly rate. The Court acknowledges Mr. Murahari's effective performance and the substantial past-due benefit award his client received. However, the Court finds the requested fee of $43,775.25 for 16 hours of work would result in a windfall. Instead, the Court awards Mr. Murahari $24,000.00, which provides Mr. Murahari an effective rate of $1,500.00 per hour. This fee more than quadruples Mr. Murahari's typical hourly rate and adequately compensates him for the time spent on plaintiff's case in federal court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving

---

[1] Although they do not govern Social Security cases, guidelines regarding reasonable hourly rates are published in the District of Maryland's Local Rules. *See* Loc. R. App'x B. These guidelines provide a suitable framework with which to evaluate the reasonableness of hourly rates in Social Security cases. *See id.*; *see, e.g.*, *Arvie W. v. Cmm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187, at *2 (D. Md. Aug. 22, 2019) (using the guidelines to assess the reasonability of fees requested by a Social Security claimant's counsel). Currently, Mr. Murahari has over nine years of experience. ECF 21-6 ¶ 5. The range of presumptively reasonable hourly rates for attorneys admitted to the bar for nine to fourteen years is between $225.00 and $350.00. Loc. R. App'x B(3)(c).

*Gregory K. v. Saul*
DLB-19-2235
September 23, 2021
Page 3

contingency fee agreement with effective hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

For the reasons set forth herein, this Court GRANTS IN PART and DENIES IN PART Mr. Murahari's motion seeking attorney's fees in the amount of $43,775.25, ECF 24, and AWARDS Mr. Murahari $24,000.00.  Mr. Murahari is directed to reimburse plaintiff the $3,338.73 in fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

                                          Sincerely yours,

                                          /s/

                                        Deborah L. Boardman
                                        United States District Judge